*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0083p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: SULZER ORTHOPEDICS AND KNEE PROSTHESIS
PRODUCTS LIABILITY LITIGATION.

———————————————————————

SHIRLEY C. BUTLER,

*Plaintiff-Appellant,*

*v.*

CERTIFIED CLASS,

*Plaintiff-Appellee.*

No. 03-4070

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 01-09000—Kathleen McDonald O'Malley, District Judge.

Argued: September 23, 2004

Decided and Filed: February 22, 2005

Before: MARTIN, COLE, and GIBBONS, Circuit Judges.

———————————————

## COUNSEL

**ARGUED:** Charles G. Middleton III, MIDDLETON & REUTLINGER, Louisville, Kentucky, for Appellant. R. Eric Kennedy, WEISMAN, KENNEDY & BERRIS CO., Cleveland, Ohio, for Appellee. **ON BRIEF:** Charles G. Middleton III, MIDDLETON & REUTLINGER, Louisville, Kentucky, N. Albert Bacharach, Jr., Gainesville, Florida, for Appellant. R. Eric Kennedy, WEISMAN, KENNEDY & BERRIS CO., Cleveland, Ohio, for Appellee.

———————————————

## OPINION

———————————————

BOYCE F. MARTIN, JR., Circuit Judge. In December of 2000, Sulzer Orthopedics, Inc., issued a recall of certain of its hip implants, which were determined to be defective. Shortly thereafter, more than thirteen hundred civil actions were filed across the United States. Thirty of those actions were consolidated and transferred as a class action to the United States District Court for the Northern District of Ohio. Sulzer settled with the Certified Class and the Settlement Agreement was approved by the district court. The Settlement Agreement, which was authorized

1

and ordered by the district court on June 4, 2002, provided for individual claimants' attorney fees to be paid out of the settlement fund, which was approximately $1 billion. In addition, the parties and the district court reserved a maximum of $50 million out of the $1 billion settlement for the payment of Common Benefit Attorney Fee Awards. Payments from the Common Benefit Fund were awarded to attorneys who had "contributed to the creation of the Settlement Trust through work devoted to th[e] 'common benefit' of Class Members, including any attorney who reasonably believe[d] that he or she actually conferred benefits upon the Class Members as a whole through state court litigation, subject to determination by the Court." Attorneys were ordered to submit applications for reimbursement for "Common Benefit Fees" and/or "Common Benefit Expenses."

The district court received fifty-seven applications for reimbursement of fees and expenses. The court's order of June 12, 2003, awarded $30,232,300 in fees and authorized an additional $12,650,000 in potential fee awards. The remainder of the $50 million was to be held by the Claims Administrator for expenses of administration. Shirley Butler, a member of the class, now appeals the award of fees and expenses from the Common Benefit Fund, arguing that any and all awards should come from the funds already awarded in the Settlement Agreement.

The June 4, 2002, judgment of the district court was "entered pursuant to [Federal Rule of Civil Procedure] 58 and [was] a final appealable Order." As a final appealable order, Butler had thirty days from its issuance to make this challenge. She failed to make a timely challenge, and we have no choice but to deny her appeal at this time. *See Browder v. Dep't of Corr. of Illinois*, 434 U.S. 257, 264 (1978) (holding that the thirty day limit in which to file an appeal is "mandatory and jurisdictional"). Therefore, we grant the Certified Class's motion to dismiss Butler's appeal.